Dear Mr. McKeithen:
Our office is in receipt of your August 6th, 1991 letter requesting an Attorney General's opinion regarding the 1991 Gubernatorial Elections. Specifically, you have asked:
 What is the Secretary of State's duty with regards to holding parish police jury elections and legislative elections in which reapportionment plans have been submitted to the U.S. Justice Department for preclearance, but such plans have either been objected to or have not received preclearance by qualifying on September 3, 1991?
Section 5 of the Voting Rights Act of 1965, as amended,42 U.S.C. § 1973c, prohibits the enforcement in any jurisdiction covered by Section 4(b) of the Act, 42 U.S.C. § 1973(b), of any voting qualification, prerequisite to voting, standard, practice, or procedure with respect to voting which is different from that in force or effect on November 1, 1964, until either:
 (1) A declatory judgment is obtained from the U.S. District Court for the District of Columbia that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, or
 (2) It has been submitted to the Attorney General and the Attorney General has interposed no objection within a 60 day period following submission.
The Code of Federal Regulations, 28:5110, states, "It is unlawful to enforce a change affecting voting without obtaining preclearance under Section 5. The obligation to obtain such preclearance is not relieved by unlawful enforcement.". Enclosed for your information and review is a copy of Opinion No. 83-633 wherein the Attorney General opined that a proposed plan of government is ineffective until it receives preclearance and, therefore, if a plan is not approved prior to the election, candidates would run from the existing districts according to the prior apportionment.
The Louisiana Revised Statutes, R.S. 33:1411, requires all parish governing authorities to examine the apportionment plan of its body within six months after the official release of every decennial census to determine if any substantial variation in representation exists in the election districts. If the body determines that reapportionment is necessary, it shall be made effective at the end of the term of the incumbent officials. Furthermore, the Louisiana Election Code provides procedures for establishing precincts and changing precinct boundaries in regards to reapportionment (R.S. 18:532 and 532.1). The Louisiana Legislature is required to reapportion itself in accordance with ArticleIII, Section 6, of the 1974 Louisiana Constitution.
The 1974 Louisiana Constitution, Article IV, Section 7 and R.S.18:551 require the secretary of state to "prepare and certify the ballots for all elections, promulgate all elections returns, and administer the election laws. . .". The secretary of state is the chief election officer of this state and as such it is his duty to conduct the elections of this state. Therefore, it is the opinion of this office that it is the Secretary of State's duty to conduct the October 19th, 1991 Gubernatorial Primary Election and the November General Election, however, the question now is which plan, the old or the new, shall be used for such elections.
LSA-R.S. 18:532.1(H)(2)(b) and 18:1941 require parish governing authorities to send to the secretary of state certified copies of reapportionment plans as submitted to the Justice Department and copies of any response received from the Justice Department. Therefore, the secretary of state has notice of such submissions and has notice of preclearance or objections of such submissions. Because the Secretary of State has such knowledge on hand, it is the opinion of this office that it would be unlawful for the secretary of state to enforce any parish governing authority's reapportionment plan for the 1991 Gubernatorial Election unless such plan has been precleared prior to qualifying on September 3rd, 1991. It is imperative that a reapportionment plan receive preclearance prior to qualifying September 3rd, 1991, because candidates must know in what district they qualify. This same conclusion is true for legislative and BESE elections.
In conclusion, it is the opinion of this office that it is the secretary of state's duty to conduct the 1991 Gubernatorial Elections and such elections shall be conducted on reapportionment plans that receive preclearance by the U.S. Justice Department prior to qualifying September 3rd, 1991. Furthermore, if reapportionment plans, either legislative, parish police jury, or BESE plans, are not approved prior to qualifying, then candidates shall qualify to run from the old district or those prior to reapportionment, unless a court shall issue an order to the contrary.
Sincerely,
 WILLIAM J. GUSTE, Attorney General
KCD:rmc